J-S19008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HELEN LUCY GALLI | : | No. 1336 MDA 2016 |

Appeal from the PCRA Order July 19, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000828-2011

BEFORE:   GANTMAN, P.J., BENDER, and STEVENS, P.J.E.[*]

DISSENTING MEMORANDUM BY STEVENS, P.J.E.:   **FILED JUNE 09, 2017**

On October 10, 2013, Appellee, Defendant Helen Lucy Galli, was convicted by a jury of aggravated assault, simple assault and recklessly endangering another person.  Appellee is not entitled to a new trial and should be returned to a correctional facility to serve her sentence.

An order entered in the Luzerne County Court of Common Pleas granted Appellee's petition under the Post Conviction Relief Act (PCRA)[1] and awarded her a new trial.  The Majority memorandum affirms that order.  I respectfully dissent and would reverse the lower court order and deny a new trial.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

At trial, admissible evidence overwhelmingly implicated Defendant/Appellee as the only person possessing both motive and opportunity to poison the victim with a potentially lethal dose of anti-freeze. Specifically, the Commonwealth established that Defendant/Appellee prepared breakfast for her son, Victor, before he began his workday, as was their daily custom. When Victor finished, he walked back to his home next door with a large glass of juice for the victim, his girlfriend, as she requested. The victim testified the juice tasted very sweet, a description consistent with expert testimony as to the "very sweet-tasting" properties of ethylene glycol in anti-freeze. *See* N.T., 10/7/13, at 337. It was also the victim's testimony that the juice was normally kept at Defendant/Appellee's house. By the end of that day, the victim was gravely ill.

The jury clearly rejected unsupported defense theories that the victim either attempted suicide or harmed herself to falsely incriminate Defendant/Appellee, and there was no suggestion that Defendant/Appellee's son, Victor, was responsible. Other properly admitted evidence from a disinterested neighbor detailed how Defendant/Appellee loathed the victim, wished her harm, and repeatedly asked the neighbor to arrange for the victim's car to explode with the victim inside. Defendant/Appellee also revealed her animus for the victim during an interview with a Pennsylvania State Police investigator.

Clearly, the hearsay testimony that "my mother said this [juice] will make you feel better" is largely cumulative of properly admitted evidence

that Defendant/Appellee prepared the breakfast food and drink from her kitchen that morning as she did every other morning. The failure of defense counsel to object to that hearsay did not taint the jury, and the verdict would have remained guilty whether that statement was objected to or not, admitted into evidence or not.

Thus, Defendant/Appellee failed to establish a reasonable probability that the outcome of her trial would have been different but for defense counsel's failure to object to the hearsay statement in question. *See* ***Commonwealth v. Charleston***, 94 A.3d 1012, 1026 (Pa.Super. 2014) (holding PCRA petitioner establishes actual prejudice only by showing a reasonable probability that, but for counsel's error or omission, result of proceeding would have been different). Here, the result of the proceeding would not have been different.

Accordingly, I respectfully dissent from the Majority's decision to uphold the lower court decision to grant Appellee a new trial.